```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| BRANDON L SMITH,        ) | |
|     Plaintiff,        ) | |
|                           ) | Civil Action No. |
|     v.                 ) | 11-11225-NMG |
|                           ) | |
| WILLIAM MAHONEY, et al., ) | |
|     Defendants.       ) | |

## MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons stated below, the Court (1) allows the motion for leave to proceed in forma pauperis; and (2) orders the plaintiff to show cause why this action should not be dismissed.

## I. Background

On July 11, 2011, Brandon L. Smith, who represents that he is a resident of Massachusetts, filed a self-prepared civil rights complaint and a motion for leave to proceed in forma pauperis in the United States District Court for the Southern District of Florida. See Smith v. Mahoney, C.A. No. 11-22469 (S.D. Fla.). Because Smith alleges that all of the parties reside in Massachusetts and that all of the underlying acts occurred in Massachusetts, the court in Florida concluded that venue did not exist within that district and sua sponte transferred the case to this District. See id. (docket entry #5).

The Court summarizes the complaint, crediting the

plaintiff's factual allegations for the sole purpose of a preliminary review of the complaint. On April 18, 2007, defendant William Mahoney, a teacher and coach at Boston's Brighton High School, supposedly received a threatening phone message. He reported this call to the Boston Police. At the time, Smith was a student at Brighton High School. Boston Police Detective George P. Foley performed an insufficient investigation into the alleged phone threat and ultimately arrested Smith for making the call. Because Smith never even heard the alleged phone message, he does not know whether Mahoney or Officer Foley "concocted" the incident. Compl. at 2. Smith was later arraigned at the Brighton District Court and then confined at the Nashua Street Jailhouse. Later, at the "11th hour," "the truth dawned on the Defendants and they saw the need for the Plaintiff [sic] release from Nashua Street Jailhouse." Id. at 3.[1]

Smith names Mahoney and Foley as defendants. The plaintiff also names as defendants Boston Public School employees Gilbert White and Nicholas Chareas, but the plaintiff does not allege any conduct by these two defendants. The plaintiff brings claims for false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, interference with property and liberty interests, negligent infliction of emotional

---

[1] The Court infers from this allegation that any charges arising from the alleged threatening phone message were dropped.

distress, violation of the Eighth Amendment, the "racial <u>but for</u> doctrine" <u>id.</u> at 5, negligence, "lack of skill" <u>id.</u>, violation of 42 U.S.C. § 1983 for failure to train, violation of 42 U.S.C. § 14141[2], and violations of 18 U.S.C. §§ 241, 242, and 245.  Smith seeks expungement of his criminal record and monetary damages.

## II.  <u>Discussion</u>

### A.  **Motion to Proceed <u>In Forma Pauperis</u>**

Upon review of the motion to proceed <u>in forma pauperis</u>, the Court concludes that the plaintiff has adequately shown that he is without means to prepay the $350.00 filing fee.  The Court therefore allows the motion.

### B.  **Screening of the Complaint**

#### 1.  **Court's Authority to Screen the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes a court to dismiss a complaint <u>sua sponte</u> if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a

---

[2] Smith cites to 18 U.S.C. § 14141, <u>see</u> Compl. at 6, but there is no statute with this citation.  The Court assumes that Smith meant to bring a claim under 42 U.S.C. § 14141.

3

defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Smith has failed to state a claim upon which relief may be granted for the reasons enumerated below.

**2.  No Cause of Action Under Federal Criminal Statutes**

Smith purports to bring claims under 18 U.S.C. §§ 241, 242, and 245, and 14141.  These statutes, however, provide criminal prosecution by the United States--not by a private citizen.  See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (private citizen has no authority to initiate a criminal prosecution).  Moreover, a private citizen does not have a right to effect the criminal prosecution and incarceration of another individual: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

**3.  No Private Right of Action Under 42 U.S.C. § 14141**

Section 14141 of Title 42 of the United States Code makes it unlawful for a government actor "to engage in a pattern or practice of conduct by law enforcement officers . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."  42

4

U.S.C. § 14141(a). The statute explicitly limits the right to bring a cause of action thereunder to the Attorney General of the United States: "Whenever the Attorney General has reasonable cause to believe that a violation . . . has occurred, the Attorney General . . . may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 42 U.S.C. § 14141(b). A private citizen does not have a right to bring an action under this statute.

**4.     Claims Barred by the Statute of Limitations**

Smith's claims under 42 U.S.C. § 1983 ("1983")[3] and his state law tort claims are subject to dismissal for failure to state a claim upon which relief may be granted because the claims are time barred. Under Massachusetts law, a plaintiff bringing a claim for personal injury or for a violation of his civil rights must file his complaint within three years of the date that he knew or should have known of his injury and the likely cause thereof. See M.G.L. ch. 260, § 2A (actions for personal injuries

---

[3]The Court shall construe all of Smith's claims for violations of federal constitutional rights as arising under 42 U.S.C. § 1983. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.") This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

5

must be brought within three years of the time the claim accrued); M.G.L. ch. 260, § 5B (actions for civil rights actions must be brought within three years of the time the claim accrued); Bowen v. Eli Lilly & Co., Inc., 408 Mass. 204, 205-06 (1990) (claim accrues "when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that [he] has been harmed or may have been harmed by the defendant's conduct"). These Massachusetts statutes of limitations apply to Smith's claims under § 1983 as well as to his state law claims. See Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) (limitations period for an action under § 1983 is "borrowed" from the forum state).[4]

Here, Smith complains of events that occurred in 2007--more than three years before he filed this action. The nature of the conduct and injury of which Smith complains is such that Smith must have known of the objectionable conduct of the defendants at the time that it occurred. Smith had three years from the time the arrest, detention, and dropping of any charges against him to file suit thereon, but failed to do so.

### 5. Other Defects

---

[4]Although the statute of limitations is an affirmative defense, and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts to avoid potential affirmative defenses, a complaint can be dismissed for failure to state a claim if the allegations therein show that relief is barred by the relevant statute of limitations. See Bock v. Jones, 549 U.S. 199, 215 (2007).

The Court also notes that the complaint does not comply with Fed. R. Civ. P. 8(a) ("Rule 8(a)") in regards to defendants White and Chareas.  Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir.  2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68).  Here, Smith has not identified <u>any</u> misconduct by White and Chareas, and therefore he has not given these defendants fair notice of the claims against them.

Smith has also not complied with Rule 8(a) in regards to his claim under the "racial <u>but for</u> doctrine."  Compl. at 5.  He alleges therein, "If the plaintiff were not an African-Aermican, the Defendants would have handled the incident differently."  Id. As this allegation is conclusory, and Smith does not make any supporting factual allegations, the Court is not required to credit this assertion.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (under Rule 8(a), court is not "bound to

7

accept as true a legal conclusion couched as a factual allegation" (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986))).

Finally, the Court notes that the Eighth Amendment's prohibition of cruel and unusual punishment only applies after a litigant has been found guilty of a crime. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007). Because the charges against Smith were dropped, he has failed to state a claim under § 1983 for a violation of his rights under the Eighth Amendment.

### ORDER

In accordance with the foregoing:

(1) The motion to proceed in forma pauperis (#4) is **ALLOWED**.

(2) Smith is directed to show cause, within thirty-five (35) days of the date of this order, why this action should not be dismissed for the reasons stated above. Failure to comply with this directive will result in dismissal of the action.

**So ordered.**

                                 /s/ Nathaniel M. Gorton  
                                 Nathaniel M. Gorton  
                                 United States District Judge  

Dated: 7/25/11